STATE *ex rel* BOARD OF PUBLIC · INSTRUCTION, BREVARD COUNTY, Relator, v. J. M. LEE, as State Comptroller, Respondent.

1 So. (2d) 196
En Banc
Opinion Filed March 14, 1941
Rehearing Denied March 25, 1941

*G. P. Garrett* and *Leonard Newman,* for Relator;

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondent.

*Butt & Akridge,. Keen & Allen* and *A. Frank O'Kelley, Jr.,* as *Amici Curiae.*

PER CURIAM.—To alternative writ of mandamus ad-dressed to Honorable J. M. Lee as Comptroller, command-

ing him "to draw your warrant as Comptroller, to the Superintendent of Public Instruction for the County of Brevard, State of Florida, for the aforesaid $4,000.00 now in your hands as Comptroller, *or to show cause* before this Honoroable Court on or before the 22nd day of February, A. D. 1941, at 10:00 o'clock in the morning, why you have not complied with the terms of this writ," Respondent has filed return and amendment to return, and also motion to quash the alternative writ.

The relator has filed demurrer to the return as amended.

In short, it is the contention of the relator that it is entitled to have the commands of the alternative writ performed under the provisions of Chapter 16125, Acts of 1933, because the County of Brevard is now within the classification embraced in that Act.

In the case of State *ex rel.* C. A. Blalock, *et al.,* as Board of County Commissioners of Madison County, v. J. M. Lee, as Comptroller, *et al.,* we have this day filed opinion and judgment holding Chapter 16125, Acts of 1933, invalid, unconstitutional and void upon the grounds therein stated.

Upon authority of the opinion and judgment in that case, the motion to quash the alternative writ is granted in this cause and the cause dismissed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD, THOMAS and ADAMS, J. J., concur.

TERRELL, J., agrees to conclusion.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing it is apparent that relator labors under a misapprehension concerning the consideration indulged by the Court in disposing of this and the several other cases involving the so-called race track

fund which were presented and argued at the same time and considered together.

In disposing of this case, and the several other cases then presented, the Court carefully considered each of the several records and also studied and considered each and every of the several briefs filed, and applied all briefs to each case and thereupon reached its conclusion disposing of each case.

No factual condition was overlooked and every argument received due consideration.

Rehearing denied.

So ordered.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

WHITFIELD, J., absent because of illness.